**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**FINANCE AMERICA, LLC,**                                                    **PLAINTIFF,**

**VS.**                         **CIVIL ACTION NO. 4:05CV241-P-B**

**SHARON ANDERSON,**                                                     **DEFENDANT.**

## FINAL JUDGMENT

This matter comes before the court upon Finance America, LLC's Motion to Compel Arbitration [6-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

It is undisputed that Sharon Anderson signed a Dispute Resolution Agreement in connection with her mortgage loan with Finance America on February 25, 2004. That Agreement provides in pertinent part that:

> [A]ny dispute, regardless of when it arose, shall be resolved, at your option or ours, by arbitration in accordance with this agreement. This agreement shall also apply to any dispute with our agents, successors, and assigns. ... [A] dispute is any claim or controversy of any nature whatsoever arising out of or in any way related to the loan....

On March 7, 2005 Anderson filed a lawsuit against Finance America and others in the Circuit Court of Leflore County, Mississippi, Civil Action No. 2005-0025-CICI. The lawsuit levies claims including breach of fiduciary duty, negligence, conversion and fraudulent procurement of insurance premiums, fraudulent misrepresentation, negligent misrepresentation, and tortious interference with a contract. All of these claims center around Anderson's basic allegation that she was "charged inflated, unnecessary and non-disclosed fees" and charged "premiums for non-existent or worthless insurance coverage" as a result of her mortgage loan.

Anderson has refused Finance America's attempts to enforce the arbitration clause. Thus, on October 31, 2005 Finance America filed the instant action to compel arbitration of Anderson's claims pursuant to the Federal Arbitration Act, 9 U.S.C. §4.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "**shall** be valid, irrevocable and enforceable." 9 U.S.C. § 2 (emphasis added). The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even a illiterate person is charged with reading a contract); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); and *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

The court concludes that the motion to compel arbitration should be granted. Pursuant to 28 U.S.C. § 2283, the court concludes that Anderson's claims covered by the arbitration agreement in

2

the underlying state action should be stayed or dismissed[1] pending the outcome of arbitration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Finance America, LLC's Motion to Compel Arbitration [6-1] is **GRANTED**;

(2) Pursuant to 28 U.S.C. § 2283, Sharon Anderson's claims covered by the subject arbitration agreement in *Anderson v. Finance America, LLC, et al.*, Civil Action No. 2005-0025-CICI, pending in the Circuit Court for Leflore County, Mississippi, are hereby **STAYED** pending the outcome of binding arbitration; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 25th day of August, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.