IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FINANCE AMERICA, LLC;
LITTON LOAN SERVICING, LP;
CREDIT-BASED ASSET SERVICING
AND SECURITIZATION LLC; AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC.,                                      PLAINTIFFS

VS.                                                             CAUSE NO.: 4:05cv241-P-B

SHARON ANDERSON                                                 DEFENDANT

## AMENDED FINAL JUDGMENT

These matters come before the court upon Litton Loan Servicing, LP, Credit-Based Asset Servicing and Securitization LLC, and Mortgage Electronic Registration System, Inc.'s ("intervenor plaintiffs") Motion to Alter Judgment [26-1] and Motion to Compel Arbitration and to Stay Proceedings [24-1]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

On August 28, 2006 this court entered a Final Judgment granting Finance American, LLC's motion to compel arbitration. Prior to entry of that judgment, the U.S. Magistrate Judge permitted Litton Loan Servicing, LP, Credit-Based Asset Servicing and Securitization LLC, and Mortgage Electronic Registration System, Inc. to file a Complaint of intervention. Later on August 28, 2006 the court entered an order partially vacating the Final Judgment to reopen the case in order to allow the intervenors to file a motion to compel arbitration. These intervenor plaintiffs now ask to the court to grant their motion to compel arbitration and to alter its Final Judgment accordingly.

1

As stated in its original Final Judgment, it is undisputed that Sharon Anderson signed a Dispute Resolution Agreement in connection with her mortgage loan with Finance America on February 25, 2004. That Agreement provides in pertinent part that:

> [A]ny dispute, regardless of when it arose, shall be resolved, at your option or ours, by arbitration in accordance with this agreement. This agreement shall also apply to any dispute with our **agents, successors, and assigns**. ... [A] dispute is any claim or controversy of any nature whatsoever arising out of or in any way related to the loan....

(emphasis added)

On March 7, 2005 Anderson filed a lawsuit against Finance America and others in the Circuit Court of Leflore County, Mississippi, Civil Action No. 2005-0025-CICI. The lawsuit levies claims including breach of fiduciary duty, negligence, conversion and fraudulent procurement of insurance premiums, fraudulent misrepresentation, negligent misrepresentation, and tortious interference with a contract. All of these claims center around Anderson's basic allegation that she was "charged inflated, unnecessary and non-disclosed fees" and charged "premiums for non-existent or worthless insurance coverage" as a result of her mortgage loan.

Anderson has refused Finance America's attempts to enforce the arbitration clause. Thus, on October 31, 2005 Finance America filed the instant action to compel arbitration of Anderson's claims pursuant to the Federal Arbitration Act, 9 U.S.C. §4.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "**shall** be valid, irrevocable and enforceable." 9 U.S.C. § 2 (emphasis added). The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor

2

of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even a illiterate person is charged with reading a contract); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); and *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

The court concludes that the motion to compel arbitration should be granted as to all of the plaintiffs. Not only does the language of the arbitration provision clearly apply to Finance America, the language "This agreement shall also apply to any dispute with our agents, successors, and assigns. ... [A] dispute is any claim or controversy of any nature whatsoever arising out of or in any way related to the loan...." clearly applies to the intervenor plaintiffs. Indeed, the very premise of the plaintiff's underlying claims against the intervenors rest on their status as agents, successors, or assigns of Finance America, LLC.

Pursuant to 28 U.S.C. § 2283, the court concludes that Anderson's claims covered by the arbitration agreement in the underlying state action should be stayed pending the outcome of arbitration.

3

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Finance America, LLC's Motion to Compel Arbitration [6-1] is **GRANTED**;

(2) Litton Loan Servicing, LP, Credit-Based Asset Servicing and Securitization LLC, and Mortgage Electronic Registration System, Inc.'s Motion to Alter Judgment [26-1] and Motion to Compel Arbitration and to Stay Proceedings [24-1] are **GRANTED**; therefore,

(3) Pursuant to 28 U.S.C. § 2283, Sharon Anderson's claims against Finance America LLC, Litton Loan Servicing, LP, Credit-Based Asset Servicing and Securitization LLC, and Mortgage Electronic Registration System, Inc in *Anderson v. Finance America, LLC, et al.*, Civil Action No. 2005-0025-CICI, pending in the Circuit Court for Leflore County, Mississippi, are hereby **STAYED** pending the outcome of binding arbitration; and

(3) This case is **CLOSED**

**SO ORDERED** this the 6th day of November, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE